# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00469-CV

---

**Andrew Sansom; Heinz Stefan Roesch; Bee Spring, Ltd.; Hays County; and City of Kyle, Appellants**

**v.**

**Texas Railroad Commission; Christi Craddick, in Her Official Capacity as Commissioner of The Texas Railroad Commission; Wayne Christian, in His Official Capacity as Commissioner of The Texas Railroad Commission; Wei Wang, in His Official Capacity as Executive Director of The Texas Railroad Commission; Kari French, in Her Official Capacity as Director of The Oversight and Safety Division—Pipeline Safety of The Texas Railroad Commission; Permian Highway Pipeline, LLC; and Kinder Morgan Texas Pipeline, LLC, Appellees**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-002161, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## CONCURRING OPINION

I agree with the Court's disposition of this appeal and its analysis concerning Plaintiffs' APA claims but write separately because I do not agree with its analysis concerning Plaintiffs' declaratory judgment claims against the Railroad Commission and its Commissioners (collectively the Commission) and their claims for injunctive relief against the Pipeline Entities. Thus, I respectfully concur in the Court's judgment.

In my view, Plaintiffs' pleadings seek declaratory relief against the Commission based on constitutional challenges to sections 181.001(1)(D) and 181.004 of the Texas Utilities Code, but the trial court correctly concluded that it did not have jurisdiction over those claims

because they are incapable of succeeding against the Commission. *See* Tex. Util. Code §§ 181.001(1)(D) (defining "corporation" to include gas utility), .004 (authorizing gas or electric corporation "to enter on, condemn, and appropriate the land, right-of-way, easement, or other property of any person or corporation"). Although the Commission has jurisdiction over "persons owning or operating pipelines in Texas," *see* Tex. Nat. Res. Code § 81.051(a)(3), Plaintiffs have not identified a statutory directive to the Commission to regulate routing of natural gas pipelines. And the legislature's grant of eminent domain authority to gas utilities under section 181.004 derives from the Texas Constitution, *see* Tex. Const. art. I, § 17, not the T-4 permit, *see* 16 Tex. Admin. Code § 3.70 (Railroad Comm'n, Pipeline Permits Required).

Further, given that the trial court did not have jurisdiction over Plaintiffs' claims against the Commission, the trial court properly granted summary judgment in favor of the Pipeline Entities. In their first amended petition, Plaintiffs only seek injunctive relief against the Pipeline Entities based on the lack of regulatory standards and controls as to pipeline routing, but they do not contend that the Pipeline Entities, who are private parties, failed to follow the current regulatory framework. Although the Pipeline Entities have been granted eminent domain authority via the Constitution, the Property Code provides procedures for landowners to contest the condemnation of their property and to recover compensation, which in my view is distinct from the Pipeline Entities' business decisions as to the routes for their pipelines.[1] *See* Tex. Prop. Code §§ 21.011–.016 (providing standard procedures for exercise of eminent domain authority).

For these reasons, I concur in the judgment.

---

[1] I also cannot agree with the Court's approach to assume that the pipeline routing decisions are legislative in nature. I conclude that they are not and, thus, would not reach the *Boll Weevil* test.

2

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Smith

Filed: May 20, 2021